## Begley v. Consolidated Timber Co., et al.

(Decided February 25, 1913.)

### Appeal from Leslie Circuit Court.

Logs and Logging—Sales and Conveyances of Standing Timber.—One, not the owner of land, who conveyed his right to cut timber therefrom, cannot object that the grantee did not remove the timber within the time specified in the deed for it to be removed, and cannot recover the value of the trees thereafter removed.

M. C. BEGLEY and CLEON K. CALVERT, for appellant.

MILLER & WHEELER, for appellees.

Opinion of the Court by Judge Lassing—Affirming.

In September, 1907, W. G. Begley sold to W. R. Feltner 1,273 trees, standing and growing upon the lands of John Napier, Harmon North, Martha North, William Jones, Russell Jones, Dan Wooton, John Muncy and William Sizemore, on Hell-For-Certain-Creek in Leslie County, Kentucky. The trees were each branded with the letter "E" and sufficiently marked to enable them to be identified. In the deed of conveyance it was provided that the said Feltner should have a period of four years from the date thereof, in which to cut and remove the trees from the land. By mesne conveyances, this timber passed to the consolidated Timber Company. On the 18th of November, 1911, Begley filed a petition in the Leslie circuit court against the Consolidated Timber Company and Charles Gray, alleging that, by reason of the clause in his deed to Feltner, he was the owner of all the trees thereby sold which had not been cut and removed from the land within the time limit. He prayed that he be adjudged the owner of all of said trees which had not been removed and were still standing upon the ground on November 15, 1911; and that the defendants be enjoined and restrained from cutting and removing, or attempting to cut or remove said trees. The defendants denied that the plaintiff was the owner, or had any interest in any of the trees described in his petition, and alleged that, by his deed to Feltner, he parted with his entire interest in said trees; and that the clause in his said deed, giving to the purchaser four years time within which to remove the timber from the land, invested him with no right thereunder; and that the question of the removal of the trees from the land is one in which they and the owners of the land only are interested. They pleaded specifically that the plaintiff did not own any of the land on which timber was standing; that, when he parted with his title to the timber, de divested himself of all interest, present or contingent therein; and that he was without the right to maintain or prosecute the suit. A demurrer was filed to this answer and overruled. Plaintiff declined to plead further, his petition was dismissed and he appeals.

This identical question was before this court in Ford Lumber and Manufacturing Co. v. Asher, 115 S. W., 790, and it was, no doubt, upon the authority of this latter case, that the lower court decided this case. In that case,

Asher had purchased a lot of standing timber and afterwards sold it to the Ford Lumber and Manufacturing Co., stipulating in the contract that it was to be cut and removed by a given time. In the deeds conveying this standing timber to Asher, there was no stipulation as to the time within which it should be, removed. After the expiration of the time fixed in the deed from Asher to the Ford Lumber and Manufacturing Co., for the removal of the timber, Asher brought suit to recover of said company the value of all timber removed by it, after the date named in his deed. The company defended upon the ground that, in the sale by Asher to it of the standing timber, he sold all interest that he had in the trees; and, not being the owner of the land upon which the timber stood, he was not entitled to recover anything whatever. The lower court decided in favor of Asher. Upon review by this court, in reversing the case, it said:

"It is not contended by Asher that the ownership of the trees vested in him on March 1, 1905, under any particular condition to this effect in the contract. His theory is that he occupies the same relation as would the owner of the land upon which trees were standing that had been sold under a contract giving the purchaser the right to remove them by a certain time. But the fatal defect in this theory is that Asher is not the owner of the soil, and it would be a most unwarranted extension of the rule that prevails between the owner of land and the purchaser of timber thereon to include Asher within its scope. Asher by his sale of the trees passed to the company not only all his title and interest in the trees, but the privilege to remove them granted to him by the owners of the land. As Asher did not own the land, or any interest in it except the timber and the right to remove it, all of which he sold and conveyed, it is no concern of his when the timber is removed. The failure to remove it by March 1, 1905, did not, as shown by this record, operate to the injury of Asher in any manner whatever. He was paid the full purchase price of the trees at the time they were bought by the company, and, under the circumstances of this case, it would be a gross injustice to permit him to recover the value of the timber remaining on the land on March 1, 1905."

The reasoning for the rule in that case applies with peculiar force to the facts in the case at bar, and, as

we are unwilling to depart from the principle therein announced, on the authority of that case, the judgment must be affirmed.